**NYCTL 1198-Trust v 375 Stuyvesant Ave.**

2024 NY Slip Op 34499(U)

December 16, 2024

Supreme Court, Kings County

Docket Number: Index No. 525007/2020

Judge: Derefim B. Neckles

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-2 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, 11201 on the 16th day of December, 2024.

PRESENT:

HON. DEREFIM B. NECKLES,
                    Acting Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NYCTL 1198-2 TRUST AND THE BANK OF NEW YORK MELLON AS COLLATERAL AGENT AND CUSTODIAN FOR THE NYCTL 1998-2 TRUST,

                                        Plaintiff,

                    - against -

375 STUYVESANT AVE. REALTY CORPORATION A/K/A 375 STUYVESANT AVENUE REALTY CORPORATION, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, PINESTONE GREENE LLC, STANLEY GALLANT, JACK STERNKLAR, JANNIL SHEPPARD AND JOHN SHEPPARD,

                                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ms 4

Index No. 525007/2020

2024 DEC 19 A 10: 26
KINGS COUNTY CLERK FILED

The following e-filed papers read herein:                    NYSCEF Doc Nos.

Notice of Motion/Affidavits (Affirmations) Annexed          56-68
Opposition Affirmation to Motion                            87-100
Reply Affirmation to Motion                                 101

Upon the foregoing papers in this proceeding, defendant 375 Stuyvesant Ave. Realty Corporation ("375 Stuyvesant Ave" or "defendant") moves (under mot. seq. 4) an order pursuant to CPLR 5015 and CPLR 317, vacating the default judgment entered in this action against it, and such other and further relief as this court deems is just and appropriate.

[* 1]

## *Background*

This is an action to foreclose a tax lien on the subject property located at 40 Greene Avenue, Brooklyn, NY (Block 1957, Lot 28). Upon commencement of this action, defendant 375 Stuyvesant Ave was the sole fee owner of the property by deed dated August 27, 1980. Service upon the defendant was made on December 22, 2020, by delivery of the summons and complaint and notice of pendency to the Secretary of State in accordance with the Business Corporation Law §306.

Plaintiff thereafter moved for an order of reference, which was granted without opposition by order dated June 14, 2022 and entered July 5, 2022. Thereafter, plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale, and it was granted without opposition on September 15, 2023.

A foreclosure sale was conducted on March 21, 2024, and the property was sold to the highest bidder. However, following the filing of an order to show cause, on May 10, 2024, by defendants Jannill Sheppard and John Sheppard for an order allowing them to intervene in the action, the parties executed a stipulation, vacating the foreclosure sale, and the referee was directed to return the bid deposit to the purchaser.

On June 17, 2024, defendant filed the instant motion to vacate the default judgment entered against it, upon its default in appearing or answering.

## *Discussion*

A party may move to vacate a default judgment against it under CPLR §317 or CPLR §5015 (*Peacock v. Kalikow*, 239 A.D.2d 188, 189 [1997]). A defendant seeking to vacate a default pursuant to CPLR § 5015(a)(1) must demonstrate both a reasonable

2

[* 2]

excuse for the default and a potentially meritorious defense to the action," within one year of entry of such default judgment (*Toll Brothers, Inc. v. Dorsch*, 91 A.D.3d 755, 755 [2d Dep't 2012]). Alternatively, CPLR § 317 provides that "a person served with a summons other than by personal delivery to him or his agent... may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment... upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense."

## I.    Vacatur under CPLR §5015(a)

Defendant argues, in support of its motion, that it never received a copy of the commencement papers from the Secretary of State, and only learned of this action after its time to respond had already elapsed. "[*Defendant*] did not contend that the address that it had on file with the Secretary of State was incorrect, and the mere denial of receipt of the summons and complaint was insufficient to rebut the presumption of proper service created by service upon the Secretary of State," (*see Thas v. Dayrich Trading, Inc.*, 913 N.Y.S.2d 269, 271 [2010]).

Plaintiff, in opposition, established that jurisdiction was obtained over defendant by personal delivery of copies of the summons and complaint to the Secretary of State. (CPLR §311(a)[1])

Here, defendant's mere denial of receipt of the summons and complaint is insufficient to establish a reasonable excuse for its default. Since defendant failed to demonstrate a reasonable excuse, it is unnecessary to determine whether it demonstrated the existence of a potentially meritorious defense.

3

[* 3]

Furthermore, had defendant sufficiently demonstrated a reasonable excuse for its default and the existence of a potentially meritorious defense, defendant would still fail to justify vacatur under CPLR §5015, because this motion comes more than a year after the entry of default judgment.

## II.    Vacatur under CPLR §317

In order to prevail under CPLR §317, "a party must still demonstrate, and the court must find, that the party 'did not receive actual notice of the summons and complaint in time to defend the action,'" (*Wassertheil v. Elburg, LLC*, 94 A.D.3d 754, 754 [2d Dept 2012]). Defendant's mere denial of receipt of the summons and complaint is insufficient to "establish lack of actual notice for the purpose of CPLR 317." (*Matter of Rockland Bakery, Inc. v. B.M. Baking Co., Inc.*, 83 A.D.3d at 1081-1082[2d Dept 2012]).

Similarly, that branch of the motion by defendant pursuant to CPLR §317 to vacate the default judgment is denied as defendant has failed to demonstrate that it did not receive notice of the summons and complaint in time to defend the action. Accordingly, it is

**ORDERED** that defendant's motion is denied in all respects.

This constitutes the decision and order of the court.

ENTER,

_____
HON. DEREFIM B. NECKLES
A. J. S. C.

KINGS COUNTY CLERK
FILED
2024 DEC 19 A 10: 26

4